UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COLBURN CLIFTON GOODEN KELLY,

      Petitioner,

v.                                                           Case No. 3:22-cv-417-MMH-PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

      Respondents.

_____

## ORDER

Petitioner Colburn Clifton Gooden Kelly, an inmate of the Florida penal system, initiated this action on April 13, 2022, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[1] In the Petition, Kelly challenges a 2015 state court (Clay County, Florida) judgment of conviction for driving while his license was suspended or revoked. Kelly received a two-day sentence in county jail. Petition at 1. Kelly concedes that: he is not "in custody" pursuant to § 2254; habeas relief would not impact his current sentences; and

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

his Petition "is just a vehicle for a federal forum challenge [to] an erroneous state conviction."[2] Id. at 29.

The United States Supreme Court has defined the "in custody" requirement of § 2254:

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner "need not be under actual physical restraint" to satisfy the custody requirement, but instead may be on probation, parole, or bail. Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982). Regardless, "the custody requirement must be interpreted so as to 'preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" Id. (quoting Hensley v. Municipal Court, 411 U.S. 345, 351 (1973)).

---

[2] Kelly identifies his Petition as a "Petition for Writ of Habeas Corpus by a Person Not in State Custody . . . ." Petition at 1 (emphasis in original).

Here, Kelly is not in custody on the Clay County conviction and sentence that he is attempting to challenge in this case.[3] He admits his two-day sentence expired before he filed the Petition, and he does not allege he suffers a present restraint from the conviction. Accordingly, the Petition is due to be dismissed for lack of subject matter jurisdiction.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.      The Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of the Court shall enter judgment dismissing the case without prejudice.

3.      If Kelly appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

---

[3] Kelly is currently in custody for various drug offenses. See State of Florida v. Kelly, Nos. 15-1203-CF, 15-1204-CF (Fla. 4th Cir. Ct.); see also Offender Search, Florida Department of Corrections, (last updated April 24, 2022).

3

4.     The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9
C:     Colburn Clifton Gooden Kelly #J49515

4